UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X   Case No.
JACQUELINE FERGUSON,

            Plaintiff,

    - against -                                                                                           **COMPLAINT**

CENTRAL PARK SOUTH OB/GYN ASSOCIATES,                    PLAINTIFF DEMANDS
                                                                                                         A TRIAL BY JURY

            Defendant.
------------------------------------------------------------------------X

Plaintiff Jacqueline Ferguson, by and through her attorneys, Nisar Law Group, P.C., hereby complains of Defendant, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"), and seeks damages to redress the injuries Plaintiff has suffered as a result of Defendant **unlawfully interfering with and/or retaliating against her because she exercised her rights under the FMLA.**

2. Plaintiff also complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"), and the New York City Human Rights Law, New York City Administrative Code § 8-107(a), *et seq.*, and seeks damages to redress the injuries Plaintiff has suffered as a result of being **discriminated against on the basis of her Sex (Female) and Pregnancy.**

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is proper under 29 U.S.C. § 2617, 42 U.S.C. § 2000e-5(f)(3), 28 U.S.C. §§ 1331 and 1343.

4. This Court has supplemental jurisdiction over Plaintiff's claim brought under city law

pursuant to 28 U.S.C. § 1367

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as it is a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## **PROCEDURAL PREREQUISITES**

6. Plaintiff filed a charge of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

7. Plaintiff received a Notice of Right to Sue from the EEOC on August 18, 2022, with respect to the herein charges of sex discrimination.

8. This Action is being commenced within 90 days of receipt of said Notice.

## **PARTIES**

9. At all times relevant, Plaintiff JACQUELINE FERGUSON ("Plaintiff") was and is a resident of the State of New York and Bronx County.

5. At all times relevant, Defendant CENTRAL PARK SOUTH OB/GYN ASSOCIATES ("Defendant") was and is a domestic business corporation, duly organized and existing under, and by virtue of, the laws of the State of New York, with its principal place of business located at 210 Central Park S., New York, NY 10019.

6. At all times relevant, Defendant owned, operated and/or maintained an office located at 210 Central Park S., New York, NY 10019 (the "office").

7. The FMLA defines an "employer" to include "any person who acts, directly or indirectly, in the interest of an employer to any employees of such employer." 29 U.S.C. 2611(4)(A)(ii)(I).

8. Upon information and belief, at all times relevant, Defendant did not employ fifty (50) or more employees within a seventy-five (75) mile-radius of the primary location where Plaintiff worked (i.e., the office).

9. However, as will be discussed infra, Plaintiff requested FMLA leave from Defendant and Defendant granted said leave. As such, Defendant is equitably estopped from challenging Plaintiff's eligibility for FMLA protections. *See, e.g., Kosakow v. New Rochelle Radiology Assocs.*, P.C., 274 F.3d 706, 725 (2d Cir. 2001) ("The doctrine of equitable estoppel is properly invoked where the enforcement of the rights of one party would work an injustice upon the other party due to the latter's justifiable reliance upon the former's words or conduct.")

## MATERIAL FACTS

10. Plaintiff first began working for Defendant in May 2005. Throughout her 16+ years with Defendant, she was an overall good employee who consistently received praise for her work performance. Most recently, she held the position of medical assistant.

11. Insofar as is relevant, on December 24, 2020, Plaintiff learned that she was pregnant; she informed her boss (an individual named Dr. Samuel Rafalin ("Dr. Rafalin")—the owner of the practice) that same day via telephone. Plaintiff found out shortly thereafter that her anticipated due date was August 24, 2021, and informed management.

12. Plaintiff worked as scheduled throughout the winter of 2020/ 2021 and into the spring of 2021. Dr. Rafalin had requested that prior to Plaintiff going out on maternity leave she ensure that the staff was prepared for her departure (which Plaintiff did).

13. Further, in preparation for her impending leave, in May 2021, Plaintiff spoke with Dr. Rafalin, who confirmed she would be allowed pregnancy/ maternity leave pursuant to the FMLA. Plaintiff confirmed this with the office manager—to wit, a person named Stephanie Candelario ("Ms. Candelario")—via text message on July 7, 2021. Specifically, during a text exchange, Ms. Candelario confirmed that Plaintiff would receive 12 weeks of leave (which is what is allowed under the FMLA).

14. Around the middle of July 2021, Plaintiff began experiencing abdominal pain, and as a precaution, believed that beginning her leave somewhat in advance would be prudent. Thus, in mid-July 2021, she asked Dr. Rafalin if Friday, July 23, 2021 could be her last day prior to taking leave, a request he granted. Plaintiff went to work on July 23, 2021 as scheduled and worked a full day. Thus, her leave began July 24, 2021, which under the FMLA, allowed her 12 weeks of leave and job protection (i.e., until October 16, 2021).

15. Nevertheless, on July 28, 2021, Plaintiff's water broke and she went into labor. Later that day, she gave birth to a healthy baby boy. Plaintiff (and newborn son) were discharged two days later on July 30, 2021.

16. On September 8, 2021, Plaintiff visited the office for her six-week check-up (as her employer was, after all, an OB/GYN clinic). While at the office, she reminded Dr. Rafalin about her leave. However, three days later (on September 11, 2021), Dr. Rafalin sent Plaintiff a text message, included therein was an about-face as to the promised leave and Plaintiff's legal entitlement to 12-weeks leave. Specifically, in that message, he wrote, in pertinent part:

> I was expecting you back to work sep 15, and do totally understand you wanting to take the additional time with your baby. Please note my business doesn't qualify for FMLA due to our small size. With you now taking the additional time I cannot guarantee I can hold your job until December 1 as I need to run my practice and need staff.

17. Plaintiff responded to this message that same day. Despite being entitled to five more weeks of leave (i.e., until October 16, 2021), out of fear of losing her job, Plaintiff texted Dr. Rafalin and wrote: "I will be there on the 15th." However, on September 14, 2021, Dr. Rafalin contacted Plaintiff via telephone and fired her.

18. Here, Plaintiff was explicitly told by management for Defendant that she could take leave, and specifically that this would include 12-weeks leave. Plaintiff relied on this

4

representation and began leave on July 24, 2021.

19. Under the circumstances, Plaintiff was entitled to 12-weeks leave (as well as job protection during this period). In mid-September 2021, Dr. Rafalin informed Plaintiff that he expected her back by September 15, 2021 (despite her being entitled to leave for another month). Nevertheless, Plaintiff explicitly told Dr. Rafalin (out of fear of losing her job) that she would return to work on September 15, 2021. However, the day before she was expected to return (i.e., on September 14, 2021), Dr. Rafalin fired Plaintiff.

20. We contend that under the circumstances, there is a strong presumption that her employment termination was causally connected to Plaintiff having taken pregnancy leave/ FMLA leave and/or intending to take her full 12-weeks leave.

21. But for the fact that Plaintiff went out on leave for her pregnancy/ maternity leave, Defendant would not have terminated her employment.

22. Further, Defendant is equitably estopped from challenging Plaintiff's eligibility for FMLA protection due Dr. Rafalin telling Plaintiff in May 2021 that she could take FMLA leave upon giving birth, which was confirmed between Plaintiff and Ms. Candelario on July 7, 2021.

23. Plaintiff has been unlawfully discriminated against, humiliated, and degraded, and as a result, suffers loss of rights, emotional distress, loss of income and earnings.

24. Defendant's actions and conduct were intentional and intended to harm Plaintiff.

25. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails.

26. Defendant's conduct was malicious, willful, outrageous, and conducted with full knowledge of the law.

27. Plaintiff seeks damages for lost wages, emotional distress, punitive damages, liquidated damages and attorneys' fees.

### AS A FIRST CAUSE OF ACTION
### FOR INTERFERENCE AND/ OR RETALIATION UNDER
### THE FAMILY AND MECIAL LEAVE ACT

28. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

29. Section 2612(a)(1)(A) of the Family and Medical Leave Act, states, in pertinent part: "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period … Because of the birth of the son or daughter of the employee an in order to care for such son or daughter."

30. Section 2615(a) of the Family and Medical Leave Act, states in pertinent part: "Interference with rights. (1) Exercise of rights. It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter. (2) Discrimination. It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter."

31. Plaintiff suffered unlawful treatment at the hands of Defendant due to it interfering with and/or retaliating against Plaintiff for exercising her rights under the FMLA.

### AS A SECOND CAUSE OF ACTION
### FOR DISCRIMINATION UNDER TITLE VII

10. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

11. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e, *et seq.*, for relief based upon the

6

unlawful employment practices of the above-named Defendant. Plaintiff complains of Defendant's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's pregnancy.

32. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e, *et seq.*, by discriminating against Plaintiff because of her sex (female) and pregnancy.

### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

33. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

34. The New York City Administrative Code § 8-107(1) provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the … gender … of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

35. Defendant engaged in unlawful discriminatory practices in violation of the New York City Administrative Code § 8-107(1)(a) by discriminating against Plaintiff because of her gender and pregnancy.

### JURY DEMAND

36. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, and the New York City Administrative Code, § 8-107 *et seq.*, and that Defendant discriminated against Plaintiff on the basis of her sex, gender, and pregnancy;

B.     Declaring that Defendant engaged in unlawful employment practices prohibited by the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, in that Defendant interfered with and/or retaliated against Plaintiff for requesting/ taking FMLA leave.

C.     Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful discrimination and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices, including the awarding of liquidated damages;

D.     Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

E.     Awarding Plaintiff punitive damages;

F.     Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action.

G.     Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices

Dated: New York, New York
November 14, 2022

**NISAR LAW GROUP, P.C.**

By: _____
Casimir Wolnowski, Esq.
*Attorneys for Plaintiff*
One Grand Central Place
60 East 42nd Street, Suite 4600
New York, NY 10165
Ph: (646) 899-1007
Fax: (516) 604-0157
Email: cwolnowski@nisarlaw.com